MARY A. ALLEN, as Administratrix, etc., of THOMAS A. ALLEN, Deceased, Appellant, v. ANNETTE HOLLER, Respondent.

Second Department, January 27, 1922.

Motor vehicles — action to recover for death of plaintiff's intestate killed in collision between automobile in which he was riding and defendant's car driven by her husband — defendant present in car at time of accident — particular trip made for pleasure of defendant and business of husband and third persons — complaint improperly dismissed on ground that husband was not acting as servant of defendant.

In an action to recover for the death of plaintiff's intestate, who was killed in a collision between the automobile in which he was riding and defendant's automobile, which was being driven by her husband with her consent, the complaint should not have been dismissed at the close of the trial on the ground that the plaintiff had failed to show that the husband at the time of the collision was the servant or agent of the defendant, where it appeared that the defendant could not drive her car and that whenever she went out for pleasure her husband drove it for her; that the trip during which the accident occurred was made both for business purposes on the part of the husband and third persons who were riding in the car and for the defendant's pleasure, and that the accident occurred on the return journey after the defendant's husband and the third persons had transacted their business.

APPEAL by the plaintiff, Mary A. Allen, as administratrix, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Richmond on the 21st day of February, 1921, upon the dismissal of the complaint by direction of the court at the close of the case after a trial before the court and jury, and also from an order entered in said clerk's office on the 23d day of February, 1921, denying plaintiff's motion to set aside said dismissal and for a new trial made upon the minutes.

*E. C. Sherwood* [*Joseph B. Handy* with him on the brief], for the appellant.

*George F. Hickey* [*R. Waldo Mackewan* and *William Butler* with him on the brief], for the respondent.

YOUNG, J.:

This action was brought by the plaintiff administratrix to recover from the defendant damages for causing the death of her son through the alleged negligence of the defendant.

Plaintiff's intestate was killed on the 18th day of September, 1920, in a collision between two automobiles on Southfield boulevard, S. I. He was one of the occupants of a Packard car owned and driven at the time by a Mr. Du Bois.

The defendant was the owner of a Dodge car, driven at the time by her husband. The defendant, although she owned the car in question, never drove it and did not know how to drive it. Her husband, who held a hackman's license, always drove it for her. In the defendant's car at the time of the accident beside her husband, who was driving the car, were the defendant and two friends, Mr. and Mrs. Sneckabill. Mr. Holler and Mr. Sneckabill sat upon the front seat. The defendant and Mrs. Sneckabill sat upon the back seat at the time of the accident. The defendant and her husband lived in the borough of Manhattan, but had a bungalow at Midland Beach, S. I., which they occupied in the summer time, and across the street from the Holler bungalow lived the Sneckabills. The two families were friends as well as neighbors, and it was not unusual for them to take an automobile ride together.

On the day of the accident the defendant's husband drove the car from New York to Staten Island, arriving at his bungalow about six o'clock P. M., and a little later Mr. and Mrs. Holler started out with the Sneckabills in the defendant's car to go to a place on the beach called Seaview, between Midland Beach and South Beach. It appeared that Mrs. Sneckabill wished to examine certain lots at Seaview and had previously asked Mr. Holler to take her there for that purpose and that he had promised to do so when he got a chance, and on this particular evening it appeared that she was visiting Mrs. Holler when Mr. Holler came home and she then asked him if he would take her to examine the lots and he agreed to do so. It further appeared that Mr. Holler was desirous of going to the beach to ascertain whether a fishing boat which he had previously used was still at the beach.

The party went directly to Seaview, remaining but a short

time, saw the boat and examined the lots,. re-entered the automobile and started for home, driving around on the homeward trip a different way from that by which they had come, and it was while driving in this way toward home that the accident happened.

The defendant Mrs. Holler testified that she went along on the evening in question for pleasure; that it was a nice evening and so she went along for that purpose; that her husband drove the car with her consent, and that whenever she went out for pleasure her husband always drove the car; that no one else ever drove it; and that she did not know how to drive it.

Defendant's husband testified that on the evening in question he and his wife were going down to Seaview, and that when Mrs. Sneckabill asked him to take her down to examine the lots he told her that he was going there and he consented to take her.

Evidently the trip in question was one that combined business and pleasure. So far as the defendant was concerned it was a pleasure trip; she was interested in the trip for that reason, and it was the usual and customary way in which she drove for pleasure with her husband as her driver.

The trial court dismissed the complaint on the ground that plaintiff had failed to show that the driver of the car at the time of the collision was the servant or agent of the defendant. In this I think the court erred.

It is undisputed that the husband customarily drove the defendant's car for her. She was not able to drive it. When she went out for pleasure he always drove it for her, acting as her agent and performing a service for her as if he was her chauffeur employed for that purpose. She went upon the trip in question solely for the pleasure of it, and it cannot be said under such circumstances, as a matter of law, that her husband in driving the car was not performing a service for her. The mere fact that he wanted to take the trip to look at a boat and that one of the other passengers desired to see some lots upon the trip, does not create a situation so that it can be held as a matter of law that at the time the accident happened the husband was not performing a service for his wife in driving the car for her pleasure.

In my opinion it presented a question of fact which should have been submitted to the jury, and the learned trial court erred in dismissing the complaint.

The judgment and order appealed from are reversed and a new trial is granted, with costs to abide the event.

BLACKMAR, P. J., JAYCOX, MANNING and KELBY, JJ., concur.

Judgment and order reversed and new trial granted, with costs to abide the event.